**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ERWIN JORDAN CASTRO VALDEZ,<br>Petitioner,<br>v.<br>CHRISTOPHER LAROSE, *et al.*,<br>Respondents. | Case No. 26-cv-5315-BAS-JLB<br><br>**ORDER GRANTING IN PART AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 4)** |

Petitioner Erwin Jordan Castro Valdez filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, claiming he was improperly detained after he was paroled into the United States. (ECF No. 4.) The Government opposes, arguing that Petitioner's parole had expired and Petitioner is mandatorily detained under 8 U.S.C. § 1226(c). (ECF No. 7.) Petitioner files a Traverse arguing that Petitioner's detention without notice and an opportunity to be heard violates his due process rights. (ECF No. 8.) For the reasons stated below, the Court **GRANTS IN PART** the Petition and orders that Petitioner be given an opportunity to be heard before an Immigration Judge as to whether he should be mandatorily detained.

## I. LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). "The traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

## II. STATEMENT OF FACTS

Petitioner, a citizen of Cuba, was paroled into the United States via the CBP One App on February 17, 2024. (ECF No. 7.) He was conditionally paroled into the United States for two years, expiring February 16, 2026. (*Id.*) After February 16, 2026, Immigration and Customs Enforcement ("ICE") continued to allow him to remain on parole in the United States.

On June 23, 2026, Petitioner was arrested for Insurance Fraud, Grand Theft, and Making a False Report of a Crime to Law Enforcement. (*Id.*) ICE filed an immigration detainer on the same date, and on June 27, 2026, ICE took custody of Petitioner. (*Id.*) Notably, Petitioner was never given notice as to why he had been detained, nor was he given an opportunity to be heard as to whether his parole should be revoked based on this arrest.

## III. ANALYSIS

Petitioner's re-detention without notice or an opportunity to be heard violates Petitioner's due process rights. Individuals released from custody, even where such release is conditional, have a liberty interest in continued liberty. *See, e.g.*, *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (parolees); *Young v. Harper*, 520 U.S. 143, 150 (1997) (pre-parolees); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (probationers). Thus, this Court agrees with those courts that have held:

> [O]nce a noncitizen has been released, the law prohibits federal agents from rearresting him merely because he is subject to removal proceedings. Rather, the federal agents must be able to present evidence of materially changed circumstances—namely, evidence that the noncitizen is in fact dangerous or has become a flight risk, or is now subject to a final order of removal. And if the noncitizen disputes the notion that changed circumstances justify his rearrest, he is entitled to a prompt hearing before an Immigration Judge.

*Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176–77 (N.D. Cal. 2017); *see also Kamalpreet v. Singh*, No. 26-cv-1211-LL-JLB, 2026 WL 622687, at *1 (S.D. Cal. Mar. 5, 2026) ("Although the initial decision to detain or release an individual may be within the government's discretion, the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." (citation modified) (quoting *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025))).

The Government argues that Petitioner's conditional parole expired on February 16, 2026. (ECF No. 7.) However, there is no sign that ICE attempted to revoke his parole and re-detain him at that time. Instead, ICE gave every indication that it intended to continue his parole in the United States while his asylum application was pending. Thus, Petitioner continued to have a liberty interest after this date.

In addition, the Government argues that Petitioner is now mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1)(E)(ii). (*Id.*) But that does not excuse ICE from providing notice to Petitioner as to the reason for his detention as well as an opportunity to be heard as to whether his arrest warrants mandatory detention. If ICE believes circumstances have changed, it must provide notice of these changed circumstances to Petitioner and provide Petitioner an opportunity to be heard promptly before an Immigration Judge. Hence, the Court **GRANTS IN PART** the Amended Petition. (ECF No. 4.)

//

//

//

//

## IV. CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** that Erwin Jordan Castro Valdez (A#244-402-597) be given the opportunity for a hearing before an Immigration Judge as to whether his recent arrest warrants mandatory detention or whether bond should be granted. Such a hearing must occur within 14 days of today's date. If no hearing is held, Petitioner is ordered released under the same terms and conditions as he was previously released on parole.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: October 13, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**